UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER JOHNSON,

    Plaintiff,

  v.

Dr. JOHN HENRY LEE,

    Defendant.

Case No. C04-5865RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
February 24th, 2006

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Service has never been accomplished in this action, the court does not have a current address for the plaintiff and correspondence in the file indicates there is not a defendant at the Washington Correction Center named John Henry Lee. The court recommends this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4 (m) and Local Rule 41 (b)(2).

This action was commenced in December of 2004. (Dkt. # 1). Plaintiff alleges he suffers from a seizure disorder and did not receive adequate medical care. (Dkt. # 7). The court ordered the United States Marshals Service to attempt to serve the only named defendant, Dr. John Henry Lee.

REPORT AND RECOMMENDATION - 1

1  (Dkt. # 8).  Service papers were returned unexecuted.  (Dkt. # 10).

2  　　　　The clerks office then received a courtesy letter from the Washington State Attorney
3  Genera's Office indicating there was no Dr. John Henry Lee at the Washington State Correction
4  Center.  (Dkt. # 11).  Plaintiff was order to provide additional service information on October 20th,
5  2005.  That order was returned as undeliverable on October 27th, 2005 and there has been no further
6  action in the case.  (Dkt. # 14).

7  　　　　Under the civil rules relating to service a plaintiff has 120 days to serve an action.  <u>See</u>, Fed.
8  R. Civ. P. 4 (m).  The rule states that if service of a summons and complaint is not made within 120
9  days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why
10 service was not made within that time.  Ignorance of the rules is not good cause.  <u>Townsel v. County
11 of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987).  This case was commenced December 16th,
12 2004.  It has been more then a year without service being accomplished.

13 　　　　The above analysis and a plain reading of the rule would appear to indicate that dismissal
14 without prejudice is in order, but the standard of review is abuse of discretion which indicates the
15 court has discretion in deciding if dismissal is proper.  <u>Wei v. State of Hawaii</u>, 763 F.2d 370, 371
16 (9th Cir. 1985).

17 　　　　The 9th Circuit has indicated that failure to comply with the service requirements does not
18 mandate dismissal and the rule should be given liberal and flexible construction as long as the
19 defendant receives sufficient notice of the complaint.  <u>United Food & Commercial Workers Union v.
20 Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does
21 not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b)
22 the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse
23 for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were
24 dismissed."  <u>Borzeka v. Heckler</u>, 739 F.2d 444, 447 (9th Cir. 1984).

25 　　　　Here, the plaintiff is proceeding IFP, he is incarcerated, and he is relying on the United States
26 government to perform serve of process.  The government has attempted to serve the appropriate
27 documents in a cost effective manner but there is no John Henry Lee accepting service.  There is no
28 REPORT AND RECOMMENDATION - 2

1  indication the person plaintiff intended to sue has notice of this action and **DISMISSAL**
2  **WITHOUT PREJUDICE** is appropriate.
3        In the alternative, plaintiff's mail was returned as undeliverable on October 27th, 2005.  (Dkt.
4  # 14).  Under Local Rule 41 (b)(2) a pro se plaintiff must keep the court apprized of a current
5  address and has 60 days from the return of mail to provide a current address.  If a current address is
6  not provided the case is subject to **DISMISSAL WITHOUT PREJUDICE.**  It has been more than
7  90 days since mail was returned.
8        Under either theory this action should be **DISMISSED WITHOUT PREJUDICE.** .  A
9  proposed order accompanies this Report and Recommendation.
10        Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
11  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
12  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
13  appeal.  <u>Thomas</u> v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
14  72(b), the clerk is directed to set the matter for consideration on **February 24th, 2006**, as noted in
15  the caption.

      DATED this 1st day of February 2006.

                                          Karen L. Strombom
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 3